UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

TRACY A. STOKES,

      Petitioner,

      v.                                           Case No. 12-C-0030

MICHAEL DITTMANN,

      Respondent.

## ORDER SCREENING PETITION AND REQUIRING A RESPONSE

On January 9, 2012, Tracy A. Stokes filed a petition asserting that his state court revocation of parole was imposed in violation of the Constitution. Although Stokes filed a petition pursuant to 28 U.S.C. § 2241, the court will construe the motion as requesting relieve pursuant to 28 U.S.C. § 2254. Petitioner's parole was revoked by an administrative law judge and he is incarcerated at the Redgranite Correctional Institution.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. The court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984), and in various counts Stokes alleges

that he was denied the right to counsel. He also alleges that his parole revocation hearing notice was inadequate, thereby violating his right to due process. *See Prieser v. Rodriguez*, 411 U.S. 475 (1973). Stokes alleges that the administrative law judge violated is right to confrontation and failed to allow him to present various types of evidence, including documentary and exculpatory evidence. These are at least colorable constitutional issues.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. It appears that Walker has exhausted his state remedies. Now, therefore,

IT IS ORDERED that within sixty days of the date of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If respondent files an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support, respondent

may file an opposition brief within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file a reply, if any.

If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials. The time for response by petitioner and reply by respondent shall be governed by this district's local rules.

Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE